# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN MICHIGAN

ERIN HOLDREN-OTIS,

    Plaintiff,                                       Case No.

v.                                                      Hon.

ASCENSION GENESYS HOSPITAL,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Erin Holdren-Otis (hereinafter "Plaintiff"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1. Plaintiff is a resident of Fenton, County of Genesee, and State of Michigan.

2. Defendant, Ascension Genesys Hospital (hereinafter "Defendant"), is a domestic non-profit corporation licensed to do business in the county of Genesee

1

and state of Michigan, with a registered address of 1 Genesys Pkwy, Grand Blanc, MI 48439.

3. The events producing the original injury occurred in Genesee County, Michigan.

4. Venue is proper in this court pursuant to MCL § 600.1621.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in Wayne County.

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in Genesee County.

7. Plaintiff brings this action for retaliation stemming from the acts and/or omissions of Defendant towards the Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2202, *et seq.*, ("ELCRA") and which has resulted in damages to Plaintiff.

## **GENERAL ALLEGATIONS**

8. Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9. Plaintiff is a licensed medical doctor who was employed by Defendant, Ascension Genesys Hospital, beginning in 2016 as a physician, specializing in podiatry and podiatric medicine.

10. Plaintiff had excellent evaluations as a Physical Supervisor.

11. In 2018, Plaintiff was approached by one of the medical residents, who told Plaintiff that she had been sexually harassed by David Taylor, DPM, the Residency Program Director at Genesys Ascension Hospital.

12. After the Medical Resident told Plaintiff that she had been sexually harassed by David Taylor, DPM, Plaintiff anonymously reported to the Human Resources Department of Defendant that a medical resident had been sexually harassed by David Taylor, DPM.

13. After reporting this, she was removed from several interview panels, in retaliation for engaging in a protected activity.

14. Plaintiff was told that she was being removed from these panels because her employer wanted to give new people an opportunity.

15. Defendant's stated reason for removing Plaintiff from the panels was pre-textual.

16. Two other members of the panels had been on the panels longer than Plaintiff, yet they were allowed to remain on the panels.

17. At all times relevant, Plaintiff was one of only three woman who were attending physicians at Genesys Ascension Hospital.

18. On or about May 25, 2021, Plaintiff's contract was not renewed by Defendant.

19. On January 25, 2023, Plaintiff received a Right to Sue letter from the

Equal Employment Opportunity Commission.

## COUNT I
## SEX DISCRMINATION/HARASSMENT IN VIOLATION OF TITLE VII AND THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101, et seq.

20.     Plaintiff incorporates by reference paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21.     Pursuant to Title VII of Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.210, Et Seq. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon her sex/gender.

22.     Ascension Geneysis Hospital is Plaintiff's "employer" within the meaning of Title VII and the Michigan Elliott-Larsen Civil Rights Act.

23.     During the course of Plaintiff's employment with Defendant, Plaintiff witnessed and complained of unwelcome sexual harassment against a co-worker creating a hostile work environment for Plaintiff.

24.     As a witness of the sexual harassment of a co-worker, Plaintiff was subjected to hostile and offensive conduct on the basis of sex creating a hostile work environment.

25.     Defendant had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

26.     Defendant owed Plaintiff as an employee, a duty to adequately advise their employees to refrain from discriminating against employees.

27.     As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

28.     As a proximate result of the unwelcome treatment due to her co-worker being sexually harassed by representatives and employees of Defendant because of their sex, and Defendant's failure to take remedial action against the conduct, Plaintiff has sustained injuries including, but not limited to mental anguish, fright, shock, embarrassment, humiliation, outrage, emotional distress, loss of self-esteem, loss of earnings and other benefits and a loss of capacity for the enjoyment of life.

29.     Plaintiff is entitled to exemplary and compensatory damages pursuant to Retaliation in Violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney fees a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

30. Defendant's sexual harassment of Plaintiff's co-worker created a hostile work environment that was especially malicious and reckless act of discrimination and Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT II
## RETALIATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA § 37.2101, *ET. SEQ.* ("ELCRA")

31. Plaintiff incorporates by reference paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. Defendant was Plaintiff's employer within the meaning of Title VII and the ELCRA.

33. Plaintiff witnessed and complained of unwelcome sexual harassment against a co-worker creating a hostile work environment for Plaintiff.

34. Plaintiff engaged in a protected activity under Title VII by reporting sexual harassment to the Human Resources Department.

35. Defendant took adverse employment actions against Plaintiff because

of Plaintiff's complaints of sexual harassment, including removing Plaintiff from interview panels and terminating Plaintiff.

36. The retaliation and conduct by Defendant against Plaintiff for reporting sexual harassment violate Title VII.

37. As a proximate result of Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, embarrassment, humiliation, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Erin Holdren-Otis, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey

                                SCOTT P. BATEY (P54711)
                                Attorney for Plaintiff
                                30200 Telegraph Road, Suite 400
                                Bingham Farms, MI  48025
                                (248) 540-6800
                                sbatey@bateylaw.com

Dated:  February 21, 2023